James E. MacAlpine
603 Woodlea Court
Asheville, North Carolina 28806
828-253-2498
Jemac603@aol.com

FILED
ASHEVILLE, N.C.

JUL 8 2014

U.S. DISTRICT COURT
W. DIST. OF N.C.

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br>v. )<br>                             )<br>James E. MacAlpine )<br>    Defendant. ) | Case: 1-14-mc-00009-MR |

**Reply to the Response by UNITED STATES OF AMERICA Docket 18.**

Comes now James E. MacAlpine "(MacAlpine") without Assistance of Counsel and appears by limited and special appearance with this Reply to the Response by the UNITED STATES OF AMERICA Docket 18.

Paul B. Taylor ("Taylor") does not point facts in evidence **in this instant Case.** In *United States v. Lighty*, 616 F.3d 321, 361 (4th Cir. 2010) **"By going outside the evidence,** the AUSA **"violated the fundamental rule, known to every lawyer, that argument is limited to the facts in evidence."** *United States ex rel. Shaw v. De Robertis,* 755 F.2d 1279, 1281 (7th Cir.1985). See also *United States v. Wilson*, 135 F.3d 291, 298 (4th Cir. 1998), to wit:

By going outside the evidence, the prosecutor **"violated a**

fundamental rule, known to every lawyer, that argument is limited to the facts in evidence." *United States ex rel. Shaw v. De Robertis*, 755 F.2d 1279, 1281 (7th Cir.1985). Of course, a prosecutor may argue that the evidence gives rise to an inference, but the suggested **inference must be reasonably drawn from the facts in evidence.** See *United States v. Brainard*, 690 F.2d 1117, 1122 (4th Cir.1982).

Agent Allen has relied upon "substitute for returns" as evidenced in **Attachment A ("A-Exh. A")—Motion for Summary Judgment in Case 1-13-cv-53, Docket 9, Gov. Exh. A.** In A-Exh. A, page 33 of 41 and page 38 of 41 that was attached under the "official record" of a Form 4340 to the Motion for Summary Judgment in Docket 9 of 1-13-cv-53 that was also supported by an Affidavit of Allen. In **Attachment B ("A-B")—Chief Counsel Notice—IRS CCN CC-2007-005, 2007 WL 425479** requires that Form 13496 be signed by an IRS Agent to effect a Substitute for Return and "**placed into evidence to satisfy the Service's burden of production under 7491(c).**" This is the IRS's Chief Counsel's Notice, which Allen has not complied with, which is either bad faith or "spoliation of evidence." In A-B pages 3-5, **(1) a Form 4549, (2) a Form 866-A, (3) a Form signed Form 13496** is a *sine qua non* for a valid "Substitute for Return" under 26 U.S.C. § 6020(b); and, if not in evidence—**A-B page 3** "the **Office of Chief Counsel will not defend** a document as constituting a section 6020(b) return." Allen has not provided to MacAlpine these mandated documents to date and has not entered them into evidence as stated **A-B into this instant Case**

Reply Page 2 of 7

or in Case: 1-13-cv-53, yet Allen persists using "Substitute for Returns" under 26 U.S.C. § 6020(b).

In "spoliation of evidence" there are many cases, which MacAlpine states that Allen has a legal duty to preserve the evidence and to enter this evidence into this instant Case as the Chief Counsel stated *supra* in **A-B.**

In *Equal Employment Opportunity Comm. V. Dillon Companies, Inc.*, 839 F.Supp. 1141, 1144 (D.Colo. 2011), to wit:

> " 'Spoliation is the destruction or significant alteration of evidence, or **failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.**' " *Blangsted v. Snowmass–Wildcat Fire Prot. Dist.*, 642 F.Supp.2d 1250, 1259–60 (D.Colo.2009) (quoting *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 457 (2nd Cir.2007)). A court has both inherent power as well as authority under Fed.R.Civ.P. 37(b)(2) to **sanction a litigant for the destruction or loss of evidence.** *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Smith v. Nw. Fin. Acceptance, Inc.*, 129 F.3d 1408 (10th Cir.1997).
>
> The Court must first determine whether the evidence **"would be relevant to an issue at trial."** *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D.Colo.2007). If so, sanctions are appropriate when (1) **a party had a duty to preserve the evidence because it knew, or should have known, that litigation was imminent,** and (2) **the other party was prejudiced by the destruction of the evidence.** *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir.2009). As a general rule, the **"bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction."** *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir.1997).

**The duty to preserve is triggered by commencement of litigation or where a defendant reasonably anticipates litigation involving the evidence.** *Cache La Poudre*, 244 F.R.D. at 621. In this case, the defendant makes no argument regarding its duty to preserve the evidence. In fact, it could not make such an argument in light of the number of copies that were made and the creation of a master copy to prevent the videotape from being taped over. Instead, defendant focuses its argument on an alleged lack of prejudice to plaintiff.

With regard to prejudice, "[t]he burden is on the aggrieved party to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination that access to the lost material would have produced evidence favorable to his cause." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 104 (D.Colo.1996).

MacAlpine relies upon the Chief Counsel of the IRS, *supra*, that mandates that a Form 4549, a Form 866-A, a Form 13496 *sine qua non* for a valid Substitute for Return under 26 U.S.C. § 6020(b). **MacAlpine has now entered into evidence by Allen prejudicing MacAlpine and certainly establishing the circumstantial evidence trigger to have this Court take Judicial Notice of Supreme Court of the United States on June 19th, 2014**–*Clarke et al., v. United States*, **2014 WL 2765284 and have an "adversarial hearing" where MacAlpine can among other options of Admissions, Interrogatories and Discovery put Allen under oath for depositions to discern under 26 U.S.C. § 6020(b)—Substitute for Returns.** Or, this Court can dismiss this instant Case with Prejudice. The Transcripts also entered into evidence conclusively show that Allen in acting in bad faith concerning MacAlpine attempting to get disclosed to him the

Reply         Page 4 of 7

procedural evidence.

Taylor failed to address any of my arguments in Docket 19. By ignoring them, Taylor has conceded those arguments, and admitted he has no defense to the facts presented and evidence. "If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." *Day v. DC Dept. of Consumer*, 191 F. Supp. 2d 154, 159 (Dist. of Columbia 2002); "Where, as here, "a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." (citation and internal quotations omitted)." *J & J Sports Productions, Inc. v. Rivera*, (D.Ore. 2014). See also *Bojorquez v. Wells Fargo Bank, NA*, only 2014 WL 1883674 available, (D.Ore 2014). In *Hopkins v. Women's Div., Gen. Bd. of Global Min.*, 238 F. Supp. 2d 174, 175 (D.Dist.Columbia 2002), to wit:

> It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, **a court may treat those arguments that the plaintiff failed to address as conceded....** Therefore, because the plaintiff has failed to address the defendants['] positions that certain claims in the complaint should be dismissed, **the Court will treat those claims as conceded."**

Therefore all of the arguments and issues presented in Docket 18— Judicial Notice stand as conceded. There are approximately 40 cases alone in the District of Columbia Court system that are in accord with, if there is no Opposition and the individual points of argument are not addressed;

Reply	Page 5 of 7

therein, it is conceded.

## II. Conclusion.

MacAlpine is demanding that this be an Adversarial Proceeding and the right to proceed with deposing Revenue Officer Allen; and,

And Further, that MacAlpine have all of the parts of an adversarial proceeding at his disposal including Interrogatories, Admissions, Discovery and Depositions; and,

And further, that Allen and the DoJ Attorneys be compelled to abide by the rules of an Adversarial Proceeding and be bound by the holding of **June 19th, 2014–Clarke et al., v. United States, 2014 WL 2765284.**

And further, that Allen be sanctioned and be punished for filing fraudulent and false documents against MacAlpine.

And further, this Court shall take judicial Notice of Verified Affidavit of MacAlpine being **Attachment C—Verified Affidavit of MacAlpine.**

And further, in the alternative that this instant Case be dismissed with prejudice, wherein Allen is prohibiting from harassing MacAlpine unless she abide by the procedures mandated by the unambiguous Statutes of the United States, regulations and holdings of Federal Courts.

My Hand, *[signature]*

Reply                    Page 6 of 7

Case 1:14-mc-00009-MR   Document 21   Filed 07/08/14   Page 6 of 7

## Certificate of Service

I certify that I have mailed to the following party/parties or delivered to their Office this Response first class prepaid or delivered to said Office, to wit:

**Paul Taylor, Assistant US Attorney.**
**United States Attorney Office**
**U.S. Courthouse, Room 233**
**100 Otis Street**
**Asheville, North Carolina 28801**


Date: July 8th, 2014

_____
Signature

Reply                                               Page 7 of 7